IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Wayne Steven Tippett, #067443, | ) | |
| | ) | C.A. No. 1:09-593-HMH-SVH |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden McCall, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Wayne Steven Tippett ("Tippett"), a state prisoner proceeding pro se, seeks habeas relief pursuant to 28 U.S.C. § 2241. On March 11, 2010, Respondent filed a motion for summary judgment. Magistrate Judge Hodges recommends granting summary judgment in favor of the Respondent. Tippett filed objections to the Report and Recommendation on January 24, 2011. For the reasons explained below, the court concludes that Tippett's claim for habeas relief must be recharacterized as a § 2254 petition. Consequently, the court affords Tippett ten (10) days to allow him an opportunity to withdraw or amend his petition.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I. Factual and Procedural History

On April 3, 1972, Tippett pleaded guilty to six counts of armed robbery and was sentenced by a South Carolina circuit court to twenty-five years' imprisonment ("armed robbery sentence"). (Resp't Mem. Supp. Summ. J. 2.) Tippett escaped from the South Carolina Department of Corrections' ("SCDC") custody on July 24, 1972, but was apprehended the same day. (Id.) Tippett pleaded guilty to the escape and received a one-year sentence to be served concurrently to his armed robbery sentence. (Id.) On December 11, 1976, Tippett escaped from prison a second time and remained a fugitive for ten years. (Report & Recommendation 2.) Tippett was subsequently located in the Utah Department of Corrections where he was serving a sentence of fifteen years to life after pleading guilty to kidnapping. (Resp't Mem. Supp. Summ. J. 2.) Upon discharging his Utah sentence on February 27, 2001, Tippett refused extradition to South Carolina to complete his armed robbery sentence. (Id.) After unsuccessfully challenging extradition, Tippett was returned to SCDC on October 25, 2002, to serve the remaining portion of his armed robbery sentence. (Id.)

Since his return to SCDC, Tippett has filed numerous grievances challenging the computation of his armed robbery sentence. (Id. at 3.) After appealing his sentence computation to the South Carolina Administrative Law Court and ultimately the South Carolina Court of Appeals, which found no error in his sentence, Tippett filed a petition for habeas relief in this court pursuant to § 2241. (Id.) Tippett raises the following grounds for relief: (1) denial of due process by unlawfully taking 20 days of good time credits through a false disciplinary conviction for escape; (2) denial of due process through the unlawful taking of 20 days of good time credits through a second false conviction for escape in 1972; (3) denial of due process,

equal protection, and double jeopardy violation through the SCDC's refusal to credit 20 months of post-conviction confinement in Utah while extradition was challenged; and (4) denial of due process, equal protection, cruel and unusual punishment, and ex post facto violation through incorrect sentence calculation and SCDC's refusal to have his administrative complaints meaningfully heard.  (Tippett § 2241 Pet., generally.)  On March 11, 2010, the Respondent filed a motion for summary judgment.  Tippett filed a response in opposition to the Respondent's motion on April 15, 2010.  This matter is now ripe for review.

## II. Discussion of the Law

As a preliminary matter, the court must determine whether § 2241 is the appropriate jurisdictional statute for Tippett to challenge the SCDC's computation of his armed robbery sentence.  The United States Court of Appeals for the Fourth Circuit has not considered the issue of whether a prisoner who is incarcerated pursuant to the judgment of a state court may challenge the execution of his sentence under § 2241.  However, a majority of the circuit courts of appeals that have addressed the issue have held that a state prisoner seeking federal post-conviction habeas relief must proceed under 28 U.S.C. § 2254.  See White v. Lambert, 370 F.3d 1002, 1005 (9th Cir. 2004), overruled on other grounds by, Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc); Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003); James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002); Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001); Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000); but see Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000).  For the reasons explained below, the court concludes that § 2254 is the exclusive avenue for Tippett to seek habeas relief and therefore recharacterizes his filing as a § 2254 petition.

Section 2241 authorizes federal courts to issue a writ of habeas corpus when a federal or state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3). Relatedly, § 2254 confers jurisdiction upon federal courts to issue a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). While the text of either § 2241 or § 2254 would seemingly confer jurisdiction upon the court to entertain Tippett's petition, Congressional intent underlying § 2254 countenances that state prisoners who seek federal habeas relief must proceed under § 2254.

With the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress imposed new gatekeeping requirements on state and federal prisoners seeking federal habeas relief. See generally Brown v. Angelone, 150 F.3d 370, 371-72 (4th Cir. 1998). Among the new restrictions included in the AEDPA were: (1) a one-year statute of limitations on petitions, (2) deferential review of state court factual determinations, (3) limitations on successive or secondary petitions, and (4) statutorily imposed exhaustion requirements. White, 370 F.3d at 1008. Congress adopted these procedural requirements to remedy concerns of delay and finality associated with habeas relief. Crouch v. Norris, 251 F.3d 720, 724 (8th Cir. 2001). Significantly, however, claims under § 2241 were not impacted by the AEDPA and its attendant restrictions. White, 370 F.3d at 1006. The effect of the AEDPA's gatekeeping provisions, as the Supreme Court recognized, is that a court's "authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to a person in custody pursuant to the judgment of a State court."

Felker v. Turpin, 518 U.S. 651, 662 (1996) (internal quotation marks omitted).

Tippett is a state prisoner who is incarcerated pursuant to a judgment of a South Carolina court. As such, he falls squarely within the ambit of § 2254. Nevertheless, he challenges the execution of his sentence under § 2241. To allow Tippett to evade § 2254's gatekeeping mechanisms and proceed under § 2241 would effectively nullify the AEDPA procedural restrictions and defeat Congress's objective in incorporating § 2254's gatekeeping provisions. Croady, 251 F.3d at 485. As the Eleventh Circuit reasoned, if prisoners confined pursuant to a state court judgment are authorized to seek habeas relief pursuant to § 2241,

> then § 2254 would serve no function at all. It would be a complete dead letter, because no state prisoner would choose to run the gauntlet of § 2254 restrictions when he could avoid those limitations simply by writing "§ 2241" on his petition for federal post-conviction relief. All of Congress's time and effort in enacting § 2254 . . . and amending it in 1996 with AEDPA would have been a complete waste.

Medberry, 351 F.3d at 1060-61. Based on the foregoing, the court concludes that § 2254 is the exclusive avenue for Tippett to seek habeas relief.

Given the adverse impact the AEDPA's gatekeeping provisions may have on a movant's ability to file successive claims, the Supreme Court has circumscribed district courts' discretion to recharacterize a petitioner's post-conviction motion as a § 2255 motion. Castro v. United States, 540 U.S. 375, 383 (2003). Further, a district court is required to warn a pro se petitioner of the consequences of construing a filing as a § 2255 motion and allow the petitioner an opportunity to withdraw or amend the motion. United States v. Blackstock, 513 F.3d 128, 131 (4th Cir. 2008). The Fourth Circuit has not expressly extended these safeguards to § 2254 petitions. However, because habeas petitions under § 2254, like § 2255 motions, are subject to a

one-year statute of limitations and a bar on second or successive petitions, it follows that the same conversion safeguards applicable to § 2255 motions apply when the court recharacterizes a filing as a § 2254 petition. See Cook, 321 F.3d at 282 ("Whether a petitioner is a state or federal prisoner, converting a *pro se* habeas petition filed under a statute not subject to the severe 'second or successive' restrictions of section 2244 (for state prisoners) or section 2255 (for federal prisoners) could cause the petitioner to forfeit unnecessarily and unintentionally a meritorious claim.").

Consistent with this directive, Tippett is hereby notified that the court intends to recharacterize his filing as a § 2254 petition, and the court directs Tippett's attention to the following provisions of the AEDPA that contain a one-year statute of limitations and bar against second or successive motions.

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of- -
>
>   **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).

Section 2244(b) provides:

**(b)(1)** A claim presented in a second or successive habeas application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas application under section 2254 that was not presented in a prior application shall be dismissed unless- -

> **(A)** the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§ 2244(b).  Finally, Tippett has ten (10) days from the date of this order (plus three days pursuant to Rule 6(d) of the Federal Rules of Civil Procedure) to withdraw or amend his petition if he desires.  If, at the end of the period specified in this order, Tippett has not withdrawn his petition, the court will proceed to the merits of his claim.

It is therefore

**ORDERED** that Tippett shall have ten (10) days from the date of this order to withdraw or amend his petition. It is further

**ORDERED** that if Tippett does not withdraw his petition within ten (10) days, the court will recharacterize his filing as a § 2254 petition and proceed to the merits of his claim.

**IT IS SO ORDERED.**

                                          s/Henry M. Herlong, Jr.
                                          Senior United States District Judge

Greenville, South Carolina
February 7, 2011