IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Wayne Steven Tippett, #067443, | ) | |
| | ) | C.A. No. 1:09-593-HMH-SVH |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden McCall, | ) | |
| | ) | |
| Respondent. | ) | |

On March 9, 2009, Wayne Steven Tippett ("Tippett"), a state prisoner proceeding pro se, petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that the South Carolina Department of Corrections ("SCDC") erroneously computed his sentence and denied him due process by withholding good-time credit. Respondent moved for summary judgment on March 11, 2010, and Magistrate Judge Shiva V. Hodges recommended granting summary judgment in favor of Respondent. On January 24, 2011, Tippett filed objections to the magistrate judge's Report and Recommendation. In a February 7, 2011 Order ("February Order"), this court notified Tippett that it intended to recharacterize his filing as a petition under 28 U.S.C. § 2254, after concluding that § 2254 was the exclusive avenue for Tippett to challenge the computation of his state sentence. Further, the court provided Tippett ten days to withdraw or amend his petition. Tippett failed to respond to the court's February Order. For the reasons explained below, the court grants Respondent's motion for summary judgment.

## I.  Factual and Procedural Background

On April 3, 1972, Tippett pled guilty to six counts of armed robbery and was sentenced by a South Carolina circuit court to twenty-five years' imprisonment ("armed robbery sentence").  (Resp't Mem. Supp. Summ. J. at 2.)  Tippett escaped from the South Carolina Department of Corrections' ("SCDC") custody on July 24, 1972, but was apprehended the same day.  (Id.)  Tippett pled guilty to the escape and received a one-year sentence to be served concurrently to his armed robbery sentence.  (Id.)  On December 11, 1976, Tippett escaped from prison a second time and remained a fugitive for ten years.  (Report & Recommendation at 2.)  Tippett was subsequently located in the Utah Department of Corrections where he was serving a sentence of fifteen years to life after pleading guilty to kidnapping.  (Resp't Mem. Supp. Summ. J. at 2.)  Upon discharging his Utah sentence on February 27, 2001, Tippett refused extradition to South Carolina to complete his armed robbery sentence.  (Id.)  After unsuccessfully challenging extradition, Tippett was returned to SCDC custody on October 25, 2002, to serve the remaining portion of his armed robbery sentence.  (Id.)

Since his return to SCDC custody, Tippett has filed numerous grievances challenging the SCDC's calculation of his armed robbery sentence.  (Id. at 3.)  Tippett appealed his sentence computation to the South Carolina Administrative Law Court and the South Carolina Court of Appeals.  On November 12, 2008, the South Carolina Court of Appeals upheld the SCDC's computation of Tippett's sentence.  (Id. Ex. 13 (Unpublished South Carolina Court of Appeals Opinion at 1).)  Tippett timely filed a petition for habeas relief in this court on March 9, 2009.[1] Tippett raises the following grounds for relief:  (1) denial of due process by unlawfully taking 20

---

[1] 28 U.S.C. § 2244(d)(1)(A).

days of good-time credit through a false disciplinary conviction for escape; (2) denial of due

process through the unlawful taking of 20 days of good-time credit through a second false

conviction for escape in 1972; (3) denial of due process, equal protection, and double jeopardy

violation through the SCDC's refusal to credit 20 months of post-conviction confinement in

Utah while extradition was challenged; and (4) denial of due process, equal protection, cruel and

unusual punishment, and ex post facto violation through incorrect sentence calculation and

SCDC's refusal to have his administrative complaints meaningfully heard.  (Tippett § 2241 Pet.,

generally.)  On March 11, 2010, the Respondent filed a motion for summary judgment.  Tippett

filed a response in opposition to the Respondent's motion on April 15, 2010.  This matter is now

ripe for review.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine

dispute as to any material fact and that the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  In deciding whether a genuine issue of material fact exists, the evidence

of the non-moving party is to be believed and all justifiable inferences must be drawn in his

favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly

disputes over facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or

unnecessary will not be counted."  Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the

building of one inference upon another."  Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).

3

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996).

### B.  Claim Exhaustion

Respondent contends that he is entitled to summary judgment because Tippett has not fully exhausted his claims.  (Resp't Mem. Supp. Summ. J. at 6-8.)  For a state prisoner to secure federal habeas relief, the petitioner must "ha[ve] exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  To exhaust a claim, state prisoners must fairly present their claims before the state courts and allow "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004).  A habeas petitioner must fairly present his claims to the state's highest court to satisfy federal exhaustion requirements. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997).  "The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined.  Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994) (internal quotation marks omitted).  The court may review the merits of a procedurally defaulted claim only if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991) (internal citations and quotation marks omitted).  The petitioner shoulders the burden of demonstrating that state remedies have been exhausted. Bowie v. Branker, 512 F.3d 112, 122 (4th Cir. 2008).

4

Respondent argues that Tippett has failed to present his claims to the South Carolina Supreme Court, and therefore, he has not exhausted available state remedies.  Tippett has presented no evidence showing that he sought review of his claims with the South Carolina Supreme Court.  Instead, he relies on South Carolina v. McKennedy, 559 S.E.2d 850 (S.C. 2002), for the proposition that he is not required to seek review of his claims with the South Carolina Supreme Court to fully exhaust his state remedies.  Tippett's reliance on McKennedy is misplaced.  In McKennedy, the South Carolina Supreme Court held that appeals of criminal convictions or post-conviction relief matters are excluded from ordinary appellate procedure and are deemed fully exhausted for federal habeas purposes when presented to the court of appeals. Id. at 854.  The Supreme Court of South Carolina, however, has not extended this rule to appeals contesting the SCDC's computation of an inmate's sentence.  Because Tippett failed to present his claims to the South Carolina Supreme Court, he has not satisfied § 2254's exhaustion requirement.  Based on the foregoing, the court concludes that Tippett's claims are procedurally barred.

Nevertheless, Tippett argues that the court should excuse his procedural default because he can demonstrate cause and prejudice.  In support of this contention, Tippett maintains that South Carolina failed to clearly establish procedures delineating an inmate's right to appellate review for claims challenging the SCDC's computation of an inmate's sentence.  (Tippett Mem. Opp'n Summ. J. at 10.)  The court disagrees.  South Carolina law clearly provides that an inmate may secure judicial review of a claim contesting the computation of his sentence by filing a notice of appeal with the South Carolina Court of Appeals.  S.C. Code Ann. § 1-23-610(A)(1); Al-Shabazz v. South Carolina, 527 S.E.2d 742, 750 (S.C. 2000).  If an inmate receives an

5

adverse ruling from the court of appeals, South Carolina Appellate Court Rules permit an inmate to seek discretionary review with the South Carolina Supreme Court. S.C. App. Ct. R. 242. Because these procedural rules were clearly established when Tippett sought judicial review of his sentence computation, the court finds that Tippett has failed to demonstrate cause and prejudice to excuse his procedural default.

Alternatively, Tippett argues that the SCDC's recalculation of his sentence represents a fundamental miscarriage of justice because he will be confined beyond his lawful term of imprisonment. (Tippett Mem. Opp'n Summ. J. 10-11.) This claim is premised upon Tippett's assertion that his sentence recalculation constitutes an ex post facto violation because the SCDC withheld a previously awarded one-third sentence abatement that he was purportedly entitled to under South Carolina law at the commencement of his sentence in 1972. (Id. at 26-30.) Tippett, however, has failed to identify any South Carolina law in effect in 1972 that entitled him to the sentence abatement he presently seeks. Based on the foregoing, Tippett has failed to demonstrate that a miscarriage of justice will occur by failing to address his procedurally defaulted claims.

It is therefore

**ORDERED** that the clerk of court shall recharacterize Tippett's filing, docket number 1, as a habeas petition pursuant to 28 U.S.C. § 2254.  It is further

**ORDERED** that Respondent's motion for summary judgment, docket number 21, is granted.  It is further

**ORDERED** that a certificate of appealability is denied because Tippett has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
March 1, 2011

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.